FILED
SUPERIOR COURT
OF GUAM

2019 JAN 22 PM 3: 39

CLERK OF COURT

By:_____



# IN THE SUPERIOR COURT OF GUAM

MARIANA STONES CORP., )   CIVIL CASE NO. CV0883-17
)
PLAINTIFF, )
)
v. )   **DECISION AND ORDER RE:**
)   **DEFENDANT MYUNG MOK BAE'S**
MYUNG MOK BAE, FADIAN )   **MOTION TO DISMISS**
DEVELOPMENT, INC., AND B&K )
DEVELOPMENT, LLC. )
)
DEFENDANTS. )

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on October 22, 2018 for a hearing on Defendant Myung Mok Bae's ("Defendant Bae") Motion to Dismiss. Present were Plaintiff Mariana Stones Corp. ("Plaintiff") and Defendants Myung Mok Bae, Fadian Development, Inc. ("Defendant Fadian"), and B&K Development, LLC ("Defendant B&K") through their counsels Attorney Leevin Camacho,[1] Attorney Delia Lujan Wolff, Attorney Anthony C. Perez, and Attorney Georgette Concepcion, respectively. At the motion hearing and without further oral arguments, the Court took the matter under advisement pursuant to CVR 7.1 of the Local Rules of the Superior Court. Having reviewed the record and the law, the Court now issues this decision and order **GRANTING** Defendant Bae's Motion to Dismiss.

## BACKGROUND

This Decision and Order incorporates the background information previously set forth in the Court's earlier decision addressing Defendant Fadian's Motion for Summary Judgment (Anti-

---

[1] As of January 11, 2019, Plaintiff is no longer represented by Attorney Leevin Camacho and will continue to appear pro se. See Substitution of Counsel (Jan. 11, 2019).

*Mariana Stone Corp. v. Myung Mok Bae, et al.*; CV0883-17
D&O Re: Defendant Bae's Motion to Dismiss
Page 1 of 8

SLAPP) (Jul. 2, 2018). The complaint alleges that on July 31, 2015 Plaintiff and Defendant Fadian entered a five-year contract for the "clearing, leveling, and grading of Tract 157" (the "Fadian Contract"). The Complaint further suggests that sometime around March 2016, through Defendant Bae, Defendant Fadian assigned its rights under the Fadian Contract to Defendant B&K (the "Fadian Assignment").

On May 26, 2016, Delle Swegler Nadler, Moana Swegler Luka, and Mark Swegler (the "Swegler" heirs) sued Defendants Bae, Fadian and B&K in CV0452-16. That suit sought the return of thirty-three (33) parcels to Defendant Fadian, including Tract 157. The parties in CV0452-16 entered a Stipulated Preliminary Injunction (the "SPI"). The SPI prohibited B&K and its agents, servants, employees, assigns and attorneys from selling, removing, assigning, concealing, transferring, encumbering or otherwise disposing of or alienating all or any part of the thirty-three (33) parcels. The court in CV0452-16 ruled that the SPI also binds Plaintiff and therefore ordered Plaintiff to stop all leveling, grading, and clearing activities on Tract 157.

In CV0452-16, Plaintiff filed a First Amended Complaint in Intervention asserting a fraud claim against Defendant Bae. *See* Rep. to Mariana Stones Corp.'s Opposition to Defendant Bae's Motion to Dismiss, Ex. A (Dec. 6, 2017). In that case, Defendant Bae also moved to dismiss the fraud claim for failure to state a claim and failure to plead with particularity. The court in CV0452-16 granted Defendant Bae's Motion to Dismiss the initial fraud claim with leave to amend. Plaintiff did not amend its complaint in CV0452-16, but upon the expiration of that leave to amend, Plaintiff initiated the instant action. The instant action also asserts a fraud claim against Defendant Bae.

The fraud allegation against Defendant Bae in this case alleges Defendant Bae represented he had authority to enter the Fadian Contract and Fadian Assignment. *See* Complaint (Sep. 5, 2017). Because of Defendant Bae's alleged misrepresentation, Plaintiff claims it suffered damages in the amount of Twenty-Eight Million Dollars ($28,000,000).

Defendant Bae now moves to dismiss the Plaintiff's fraud claim against him in the Memorandum of Points and Authorities in Support of Defendant Myung Mok Bae's Motion to

*Mariana Stone Corp. v. Myung Mok Bae, et al.*; CV0883-17
D&O Re: Defendant Bae's Motion to Dismiss
Page 2 of 8

Dismiss (Oct. 25, 2017). Plaintiff opposes the Motion as set forth in its Opposition to Defendant Bae's Motion to Dismiss (Nov. 22, 2017). In response, Defendant Bae filed the Reply to [Plaintiff's] Opposition to Defendant Bae's Motion to Dismiss on Dec. 6, 2017. However, pursuant to 7 GCA § 17106, the Court stayed all pending motions and instead first addressed Defendant Fadian's Motion for Summary Judgment (Anti-SLAPP). Having decided the Motion for Summary Judgment (Anti-SLAPP) on July 2, 2018 denying summary judgment, the Court now addresses the instant Motion to Dismiss.

## DISCUSSION

Defendant Bae moves this Court to dismiss Plaintiff's single claim of fraud for failure to state a claim and failure to plead fraud with sufficient particularity pursuant to GRCP Rule 9(b). *See* Def.'s Mot. to Dismiss, p. 1 (Oct. 25, 2017). Defendant Bae further argues that Plaintiff has failed to plead all the elements of fraud. *Id.* p. 2. The Court addresses each of the arguments below.

## I. Standard under GRCP Rule 12

Guam law provides that a party may move for dismissal for failure to state a claim for which relief can be granted. Guam R. Civ. P. 12(b) (6). In deciding such a motion, the court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano v. Calvo Fin. Corp.* ("Taitano I"), 2008 Guam 12 ¶ 9 (quoting *First Haw. Bank v. Manley*, 2007 Guam 2 ¶ 6). The *Taitano* court cautioned, however, that "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.* (quoting *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). "Dismissal for failure to state a claim is appropriate only 'if it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief.' " *Id.* (citing *Vasques v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).

//

//

*Mariana Stone Corp. v. Myung Mok Bae, et al.*; CV0883-17
D&O Re: Defendant Bae's Motion to Dismiss
Page 3 of 8

## II. Standard under GRCP Rule 9

The claim at issue is Count I of the Complaint or Plaintiff's claim of fraud against Defendant Bae. The elements of fraud include: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages. *Taitano I,* 2008 Guam 12 ¶ 12. To successfully plead this claim, Plaintiff must plead facts with sufficient particularity to demonstrate the elements of fraud. *Id.* (citing Guam R. Civ. P. 9(b) (2007)).

Rule 9(b) of the GRCP provides dismissal for failure to plead fraud with particularity. The Supreme Court of Guam recognized situations that assist in determining whether a pleading is sufficient.[2] "While statements of the *time, place and nature* of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient." *Taitano I,* 2008 Guam 12 ¶ 15 (quoting *Moore v. Kayport Package Exp., Inc.,* 885 F.2d 531, 540 (9th Cir.1989) (emphasis added). Guam courts, however, consistently hold that *"Rule 9(b) does not require a plaintiff to prove a claim of fraud at the pleading stage."* *Ukau v. Wang,* 2016 Guam 26, ¶ 47 (citing *Taitano I,* 2008 Guam 12 ¶ 16). (emphasis added). "[W]hat is required is that a plaintiff set forth his claim with sufficient detail to provide notice to defendants of the particular fraudulent action is being alleged." *Id.* (citations omitted). *Taitano* described this standard as the "who, what, when, where, and how" requirement. *Id.* (citations omitted).

The purpose of this requirement is to "give defendants notice of the particular [fraudulent] misconduct ... so ... they can defend against the charge and not just deny that they have done anything wrong." *Id.* ¶ 25. The pleading must be specific enough to give defendants notice of

---

[2] *Taitano I* recognized the following:

> Accusing a defendant of running a "sophisticated pyramid scheme" without explaining what makes it a pyramid scheme or why it is fraudulent is a conclusory allegation and therefore insufficient. (internal citation omitted). Similarly, allegations based entirely on information and beliefs do not usually satisfy the particularity requirement of Rule 9(b). (internal citation omitted). Where "relevant facts are known only to the defendant," however, the pleading requirement is relaxed somewhat. (citation omitted). But even where allegations concern facts peculiarly within defendant's knowledge, the plaintiffs must still state a factual basis for their belief. (citation omitted).

*Mariana Stone Corp. v. Myung Mok Bae, et al.;* CV0883-17
D&O Re: Defendant Bae's Motion to Dismiss
Page 4 of 8

the "who, what, when, where, and how of the misconduct charged." A plaintiff can satisfy the "who" requirement by identifying the role of a defendant in the alleged fraudulent scheme. Pleading specific dates and the manner in which the Defendant made the representation may satisfy the "when and how" requirement. Even when the lack of precision in specifying dates are not fatal, the lack of specificity may weigh against a finding that the pleadings are sufficient under Rule 9(b).[3]

## A. Adequate Notice to Defendant

Defendant posits that Plaintiff has failed to provide notice to Defendant Bae of the specific fraudulent misconduct so that Defendant Bae can defend against the charge and not just deny that he has done anything wrong. *See* Def.'s Mot. to Dismiss at pp. 4-5. Defendant argues the complaint does not state with particularity to whom the statements were made, what Defendant Bae exactly represented, where the alleged misrepresentations were made, and how Defendant Bae made the alleged misrepresentations – whether by body language, in writing, verbal or other means. *Id.*

The Court finds problematic Plaintiff's allegations in Paragraph 44. Plaintiff described "what" Defendant Bae represented: that he had authority to enter the Fadian Contract on July 31, 2015. However, Plaintiff omitted "who, where, and how" the representation occurred. Without these details, the Court agrees that Defendant cannot defend his actions or inactions surrounding that alleged representation.

Similarly, the Court finds Plaintiff has not sufficiently pleaded the contention that Defendant Bae represented he had authority to enter the Fadian Assignment or that transferring the Fadian Assets to B&K was proper in March 2016. In Paragraph 40 of the Complaint, Plaintiff alleged that Defendant Bae "personally" represented to Plaintiff the transfer of Fadian's assets to B&K was proper. This claim, however, does not provide supporting allegations. Plaintiff does not provide Defendant Bae notice of the "who, when, and where" the purported

---

[3] *Taitano I* described precision would be fatal in cases involving statements expressing optimistic corporate performance in securities fraud cases. ¶ 28.

*Mariana Stone Corp. v. Myung Mok Bae, et al.*; CV0883-17
D&O Re: Defendant Bae's Motion to Dismiss
Page 5 of 8

representation. Absent these details, the Court agrees that Defendant cannot adequately prepare a defense to Plaintiff's allegations. The Court finds that these details would be helpful to Defendant Bae in preparing for his defense rather Defendant than merely denying a misrepresentation occurred.

Ultimately, the Court finds the Complaint does not provide Defendant Bae adequate notice of the circumstances of Defendant Bae's alleged representation he was authorized to enter the Fadian Contract and Fadian Assignment.

## B. Pleading Elements of Fraud

Defendant Bae also argues that Plaintiff has failed to plead the elements of fraud; specifically that Plaintiff's Complaint does not sufficiently plead (1) Defendant Bae's intent to defraud, (2) Plaintiff's justifiable reliance, and (3) the resulting damages. However, because Defendant's final argument is dispositive, the Court need not determine whether the pleading satisfy the other two elements. The Court agrees that the Complaint does not provide how Defendant Bae's alleged misrepresentations injured the Plaintiff.

A party must plead with particularity "what the opponent retained or the claimant lost as a consequence of the alleged fraud." *McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 33–34 (D.D.C. 2007) (citing *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551–52 (D.C.Cir. 2002); *United States ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1385 (D.C.Cir. 1981)).[4]

Upon the court's review of the complaint, the Court found conclusory statements as to Plaintiff's alleged resulting damages. Although the Complaint claims Plaintiff lost Twenty-Eight Million Dollars ($28,000,000), Plaintiff does not provide how this amount was calculated. For example, what percentage resulted from the funds kept/used by the Defendant for his and his family's personal gain and what percentage resulted from the lost Plaintiff incurred. Even if the court takes the allegations in Paragraphs 31, 32, and 42 as true, these amounts only total to

---

[4] GRCP Rule 9(b) is virtually identical to Rule 9 (b) of the Federal Rules of Civil Procedure therefore, we look to cases which interpret and apply the principles of the federal rule for guidance. *Benavente v. Taitano*, 2006 Guam 15, ¶ 48.

*Mariana Stone Corp. v. Myung Mok Bae, et al.*; CV0883-17
D&O Re: Defendant Bae's Motion to Dismiss
Page 6 of 8

approximately Seven Hundred Forty Thousand Dollars ($740,000).[5] Therefore, leaving the Court and Defendant Bae to speculate how the Plaintiff suffered the other Twenty-Seven Million Dollars ($27,000,000). The Court finds that without properly pleading how the calculation of the resulting damages, Defendant Bae cannot properly prepare its defense. The Court finds Plaintiff has not properly pleaded the resulting damages.

## III.    Amending the Complaint

Having found the Complaint was not properly pleaded, the Court must now determine whether dismissal is appropriate. In the opposition to the instant Motion, plaintiff alternatively requested for leave to amend its claim. Defendant Bae argues the request is improperly before the Court since opposing counsel's failed to comply with CVR Rule 15.1. Defendant further argues that the allowing such amendment would be futile, and that Plaintiff failed to cure deficiencies previously allowed in CV0452-16.

The Supreme Court of Guam opined dismissal is proper only if "it is clear that the complaint could not be saved by any amendment." *Taitano I,* 2008 Guam 12, ¶ 9 (quoting *Simpson v. AOL Time Warner, Inc.*, 452 F.3d 1040, 1046 (9th Cir. 2006). "In deciding whether justice requires granting leave to amend, factors to be considered include 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment.' "*Hardman v. Gov't of Guam*, No. CIV. 10-00010, 2011 WL 4901162, at *3 (D. Guam Oct. 14, 2011). Although leave to amend should be granted liberally, there are some limitations. *Id.* For example, such requests need not be granted if it doing so would be futile. *Id.* Courts have broad discretion to deny leave to amend if a plaintiff has previously amended the complaint. *Id.*

//

[5] That Plaintiff incurred Two Hundred Fifty Thousand Dollars ($250,000) in costs in order to obtain [a Mass Grading Plan with Department of Public Works] permit; That Plaintiff spent approximately Four Hundred Thousand Dollars ($400,000) to move its heavy equipment from Dededo to Tract 157; That Plaintiff paid Fadian and its representatives approximately Ninety-One Thousand Dollars ($91,000) prior to the Fadian Assignment.

*Mariana Stone Corp. v. Myung Mok Bae, et al.*; CV0883-17
D&O Re: Defendant Bae's Motion to Dismiss
Page 7 of 8

The Court agrees that the request for leave to amend is not properly before this Court. The Court will only consider motions and requests which comply with the applicable procedural rules.

## CONCLUSION

For the reasons provided above, the Court hereby GRANTS Defendant Bae's Motion to Dismiss Count I of the Complaint. A judgment dismissing Count I of the Complaint *without prejudice* will be issued accordingly.

SO ORDERED this ___JAN 2 2 2019___.

_____
HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of: A.C. Perez, Brooks
Lujan
Date: 1/22/19
Deputy Clerk, Superior Court of Guam

*Mariana Stone Corp. v. Myung Mok Bae, et al.*; CV0883-17
D&O Re: Defendant Bae's Motion to Dismiss
Page 8 of 8